## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ALFREDA LOCKWOOD,

                              Plaintiff,

        v.

PATRICK DONAHOE, Postmaster General,
United States Postal Service,

                              Defendant.

Case No. 3:11-cv-00032-SLG

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court at docket 10 is defendant Patrick Donahoe's Motion for Summary Judgment. At docket 13, plaintiff Alfreda Lockwood opposes. At docket 16, the defendant replies.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The facts, presented in the light most favorable to the plaintiff for purposes of this summary judgment motion, are as follows: Ms. Lockwood is employed by the United States Postal Service ("Postal Service") in Anchorage, Alaska.[1] Mr. Donahoe is the Postmaster General of the United States Postal Service and is named in this action in his official capacity.

On July 31, 2009, Ms. Lockwood, an African-American female, complained to a manager, Kris Lyons, about a bumper sticker that had been placed on a trashcan in the workplace by David Champion, a white male custodian.[2] The bumper sticker said

---

[1]  Am. Compl. ¶ 1 (Docket 4).

[2]  *Id.* ¶ 6; Decl. of Kris Lyons, Ex. C to Mot. (Docket 10).

"When All Else Fails, Blame the White Male."[3]  Mr. Lyons spoke with Mr. Champion about the sticker and it was removed.[4]  On August 11, 2009, Ms. Lockwood discovered an identical sticker on the bumper of her vehicle, which she reported both to the police and to a temporary manager, George Sieveking.[5]  For purposes of this motion, this court has assumed that Mr. Champion caused the sticker to be placed on Ms. Lockwood's vehicle.[6]

Ms. Lockwood alleges several additional incidents between her and Mr. Champion in August and September of 2009:  she asserts that Mr. Champion shouted, while looking at her menacingly, about having been reported to Mr. Lyons about the bumper sticker;[7] interrupted her work-related conversations with another postal employee by banging his fists on a table;[8] yelled "boo" at her five or six times in a row;[9] walked toward her while twirling a broom such that she feared for her safety;[10] and entered the break room while she was in it on multiple occasions, despite having been instructed by management not do so.[11]

---

[3]  Am. Compl. ¶ 6.

[4]  *Id.* ¶¶ 7-8; Decl. of Kris Lyons ¶ 2.

[5]  Am. Compl. ¶ 9; Decl. of George Sieveking ¶ 2, Ex. D. to Mot. (Docket 10).

[6]  Opp. at 5-6 (Docket 13).

[7]  Am. Compl. ¶ 7.

[8]  *Id.* ¶ 10.

[9]  *Id.* ¶ 12.

[10] Typed Chronology of Ms. Lockwood at 4, Ex. E to Mot. (Docket 10).

[11] Am. Compl. ¶¶  10, 12, 13.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 2 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 2 of 17

Ms. Lockwood and Mr. Champion had a history of disagreement prior to the events described.[12] Mr. Lyons had worked with Mr. Champion's manager to coordinate the two employees' break schedules in order to keep them separated.[13]

On December 6, 2010, the Equal Employment Opportunity Commission Office of Federal Operations issued its Final Denial decision of Ms. Lockwood's claims.[14] Ms. Lockwood initiated this action in March 2011.[15] Her Amended Complaint alleges that the defendant violated Title VII of the Civil Rights Act[16] by discriminating against her on the basis of race and sex, makes substantive hostile work environment allegations, and seeks compensatory damages, injunctive relief, fees, and interest.[17] Ms. Lockwood's Amended Complaint also seeks damages for the intentional infliction of emotional distress.[18] The defendant filed this motion on January 18, 2012, seeking summary judgment as to all of Ms. Lockwood's claims.

## *DISCUSSION*

### I. Jurisdiction

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343.

---

[12] Decl. of Kris Lyons ¶ 6.

[13] *Id.*

[14] Am. Compl. ¶ 4.

[15] Compl. (Docket 1).

[16] 42 U.S.C. §§ 2000e-2(a), 2000e-16(a).

[17] Am. Compl.

[18] Am. Compl. at 5.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 3 of 17

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[19] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[20] The non-moving party may not rely on mere allegations or denials.[21] She must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[22]

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party, and draw "all justifiable inferences" in the non-moving party's favor.[23] To reach the level of a genuine dispute, the evidence must be such as "would allow a reasonable fact-finder to return a verdict for the non-moving party."[24] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[25] If the evidence provided by the

---

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[20] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986).

[21] *Id.* at 248-49.

[22] *Id.* (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968).

[23] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[24] *Id.* at 248.

[25] *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986)).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 4 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 4 of 17

non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[26]

A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:

> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[27]

When granting or denying a motion for summary judgment, a court should state on the record its reasons for doing so.[28]

## III.   Analysis

### A. Race-Based or Sex-Based Employment Discrimination

Title VII of the Civil Rights Act of 1964 provides, in relevant part:

> It shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.][29]

42 U.S.C. § 2000e-16 prohibits discriminatory practices in the United States Postal Service, among other federal agencies and departments, and provides that the head of

---

[26] *Anderson*, 477 U.S. at 255.

[27] Fed. R. Civ. P. 56(c)(1).

[28] Fed. R. Civ. P. 56(a).

[29] 42 U.S.C. § 2000e-2(a)(1).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 5 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 5 of 17

the agency shall be named as the defendant in civil actions brought after an employee's EEOC remedies have been exhausted.

To establish a prima facie case of discrimination under Title VII, a plaintiff must "offer evidence that give[s] rise to an inference of unlawful discrimination."[30] The plaintiff may accomplish this by showing, under the framework outlined in *McDonnell Douglas Corp. v. Green*, "that (1) [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably."[31] In the alternative, the plaintiff may present "direct or circumstantial evidence of discriminatory intent."[32] Once the plaintiff has made a prima facie case, the burden shifts to the defendant, who must then "articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct."[33] The burden then shifts back to the plaintiff to demonstrate that the defendant's proffered reason is pretextual, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."[34]

---

[30] *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).

[31] *Chuang v. U. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[32] *Vasquez*, 349 F.3d at 640.

[33] *Id.* at 640 (citing *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir.1997); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

[34] *Texas Dep't of Cmty. Affairs*, 450 U.S. at 256.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 6 of 17
Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 6 of 17

It is the third requisite element of the *McDonnell Douglas* test that is at issue here—the requirement that a plaintiff seeking to maintain a claim of race-based or sex-based employment discrimination must demonstrate that she was subject to an adverse employment action by her employer. The defendant asserts that Ms. Lockwood has failed to make a prima facie case of discrimination because she has not demonstrated any adverse employment action—i.e., she has not shown that Postal Service management took any action that affected a term or condition of her employment.[35] The defendant also argues that Ms. Lockwood has failed to make a prima facie case because she has not demonstrated an intent to discriminate.[36] In her opposition, Ms. Lockwood maintains that she has made a prima facie case for discrimination, as she asserts that the harassment she experienced from Mr. Champion "clearly altered the conditions of her employment."[37]

"A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[38] "Tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment decision requires an

---

[35] Mot. at 10 (Docket 10).

[36] *Id.* at 11.

[37] Opp at 7 (Docket 13) ("This harassment as experienced was both subjectively and objectively hostile and clearly altered the conditions of her employment.").

[38] *Burlington Industries v. Ellerth*, 524 U.S. 742, 761 (1998).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 7 of 17
Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 7 of 17

official act of the enterprise, a company act. The decision in most cases is documented in official company records."[39]

This court finds that Ms. Lockwood has not alleged or demonstrated any tangible employment decision that "materially affect[ed] the compensation, terms, conditions, or privileges of [her] employment."[40] Accepting all of Ms. Lockwood's allegations as true, and reading them all in the light most favorable to her, the record before this court contains no evidence that Ms. Lockwood experienced any tangible adverse employment action from Postal Service management. Ms. Lockwood was not demoted, or reassigned to a new position with different responsibilities, or otherwise made to suffer a significant change in her employment status or benefits. Nor has Ms. Lockwood offered any evidence which, if established, would prove discriminatory intent by Postal Service management.[41] Rather, management tried to separate the two parties, required the removal of the bumper sticker from the workplace, and investigated the bumper sticker on Ms. Lockwood's vehicle, albeit without reaching any determination as to who had placed the sticker there. This court finds that Ms. Lockwood has not met her burden of establishing a prima facie case of race-based or sex-based employment discrimination. Summary judgment is therefore granted to the defendant as to this claim.

---

[39] *Id.* at 762.

[40] *Chuang*, 225 F.3d at 1126.

[41] *Vasquez*, 349 F.3d at 640.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 8 of 17
Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 8 of 17

## B. Hostile Work Environment

An individual may seek redress for harassment in the workplace in the absence of an employer's tangible adverse employment action under a hostile work environment claim. However, in order to prevail on this claim, a plaintiff must show that her "workplace [was] permeated with discriminatory intimidation . . . that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."[42]

To make a prima facie case for a hostile work environment under Title VII, a plaintiff must demonstrate (1) she was subjected to verbal or physical conduct because of her race or gender; (2) the conduct was unwelcome; and (3) the conduct "was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment."[43] In addition, when "the harasser is merely a coworker, the plaintiff must prove that . . . the employer knew or should have known of the harassment but did not take adequate steps to address it."[44] The employer's actions are reviewed for negligence in this regard.[45]

---

[42] *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 ("The working environment must both subjectively and objectively be perceived as abusive."); *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (citing *Harris*, 510 U.S. at 21-22).

[43] *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).

[44] *Dawson v. Entek Intern.*, 630 F.3d 928, 939 (9th Cir. 2011) (citing *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001); *Nichols*, 256 F.3d at 875).

[45] *Nichols v. Azteca Rest. Enters. Inc.*, 256 F.3d 864, 875 (9th Cir. 2001) ("When harassment by co-workers is at issue, the employer's conduct is reviewed for negligence.") (citing *Ellison v. Brady*, 924 F.2d 872, 880 (9th Cir. 1991)).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 9 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 9 of 17

*(1) Was the offensive conduct because of the plaintiff's race or gender?*

Ms. Lockwood asserts that Mr. Champion's behavior toward her indicated that he considered himself to be of the dominant sex and race.[46] The defendant maintains that Mr. Champion's conduct had no relation to Ms. Lockwood's race or gender.[47]

Typically, courts find conduct meets the "because of" criterion when the conduct involves explicit verbal reference to race or gender or physical sexual harassment.[48] For example, in *Faragher v. City of Boca Raton*, an action brought by a female lifeguard against her male supervisors, the Supreme Court found that the conduct complained of, which included inappropriate touching and explicit sexual comments and gestures, bore a direct relation to Ms. Faragher's gender.[49] In *Nichols v. Azteca Rest. Enters. Inc.*, the Ninth Circuit found the conduct directed at the plaintiff, which involved repeated and explicit comments about his feminine mannerisms, to be "closely linked to gender."[50]

In *Berry v. Delta Airlines*, the Seventh Circuit addressed a hostile work environment claim for behavior directed at the plaintiff, Ms. Berry, after she had made a sexual harassment complaint about a coworker.[51] Subsequent to her complaint, several coworkers (including the one about whom she had complained) engaged in

---

[46] Interrogatories 3-4, Ex. F to Mot.

[47] Mot. at 12-13 (Docket 10).

[48] *See, e.g., Kortan v. California Youth Authority*, 217 F.3d 1104, 1114-5 (9th Cir. 2000) (Fisher, J. dissenting in part) (surveying cases involving specific offensive language); *Faragher v. City of Boca Raton*, 524 U.S. 775, 780-83 (1998) (physical harassment).

[49] *Faragher*, 524 U.S. at 780-83.

[50] *Nichols*, 256 F.3d at 874.

[51] 260 F.3d at 804-07.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 10 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 10 of 17

offensive conduct.[52]  For example, they were "rude and uncooperative" when she needed assistance and forced her to write down her work-related communications by refusing to listen to her when she spoke.[53]  The court held that the conduct at issue was retaliatory in nature and not gender-based, and thus upheld the trial court's grant of summary judgment for the defendant.[54]

Here, the defendant asserts that the bumper sticker did not refer in a derogatory way to Ms. Lockwood's race or sex.  But this court finds that although not specifically directed to Ms. Lockwood, the bumper sticker could well be perceived as offensive to an African-American woman.  And it is possible that a trier of fact would find it more likely than not that Mr. Champion later placed the same type of bumper sticker on Ms. Lockwood's vehicle after she had complained about the one on his trashcan.  But with respect to Mr. Champion's other actions directed at Ms. Lockwood, this court agrees with the defendant's assertion that those actions were not demonstrably race or gender based, but rather "show that he was angry that [Ms. Lockwood] complained about him to the boss."[55]  Entering the break room when Ms. Lockwood was in it, yelling "boo" at her, twirling a broom at her, and complaining loudly about having been reported to management are actions that bear no apparent relation to Ms. Lockwood's race or gender.  None of this conduct contained explicit racial or gender references.

---

[52] *Id.* at 806-07.

[53] *Id.* at 807.

[54] *Id.* at 809.

[55] Mot. at 12-13.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 11 of 17
Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 11 of 17

This court finds that the only conduct cited by Ms. Lockwood that relates in any plausible way to race or gender is Mr. Champion's bumper sticker ("When All Else Fails, Blame the White Male") and the placement of that same bumper sticker on Ms. Lockwood's vehicle.[56] The defendant maintains that the sticker's message is a sincere expression of the persecution white men feel for being made the scapegoats of society.[57] This court was not persuaded by this argument. The sticker's message is more likely intended to be read as a sarcastic jab at modern trends of racial and gender sensitivity. Yet despite the racial, gendered nature of the bumper sticker's message, this court finds that there is no evidence that Mr. Champion's posting of the sticker on the trashcan at the workplace was specifically directed at Ms. Lockwood. Instead, it was placed at the workplace as a general commentary that was not directed at any one individual, gender, or race. As such, Mr. Champion's conduct at the workplace with regard to the bumper sticker on the trashcan "fall[s] into the 'simple teasing and offhand comments' category of non-actionable discrimination."[58]

As the defendant correctly notes in his motion, and as many courts have explained, Title VII "is not a 'general civility code' designed to purge the workplace of all boorish or even all harassing conduct."[59] It does not protect employees from all bad

---

[56] Ms. Lockwood alleges that Mr. Champion placed the sticker on her vehicle; Mr. Champion denies this. Both the police and Postal Service management investigated this incident at the time of its occurrence and were unable to determine the identity of the culprit. Solely for purposes of this summary judgment motion, this court has inferred that the sticker was in fact placed on the vehicle by Mr. Champion.

[57] Mot. at 12.

[58] *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003).

[59] *Berry*, 260 F.3d at 808 (citing *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1086 (7th Cir. 2000)).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 12 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 12 of 17

behavior, only bad behavior that is explicitly based on race or gender. Most of Mr. Champion's behavior here is better explained by his and Ms. Lockwood's dislike for each other than by Mr. Champion's reaction to Ms. Lockwood's race or gender.[60] Accordingly, this court finds that most of Mr. Champion's behavior toward Ms. Lockwood was not closely linked to her race or gender and cannot form the basis of a hostile work environment claim under Title VII.

> *(2) Was the conduct unwelcome?*

This element of Ms. Lockwood's claim does not appear to be in dispute. Ms. Lockwood's documented complaints about Mr. Champion's behavior establish that his conduct toward her was unwelcome.[61]

> *(3) Was the conduct severe or pervasive enough to alter the conditions of employment and create an abusive work environment?*

Improper workplace conduct that is race-based or gender-based may support an employment discrimination claim in the absence of a tangible adverse employment action, but only when such conduct is sufficiently severe or pervasive so as to state a hostile work environment claim. The Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment[.]"[62] "'[S]imple teasing,' . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of

---

[60] *Cf. Connell v. Nicholson*, 318 Fed. Appx. 75 (3d Cir. 2009) (behavior was "motivated by nothing more than difficult relationships and a generally hostile disposition towards co-workers, without regard to gender.").

[61] *See Nichols v. Azteca Rest. Enters. Inc.*, 256 F.3d 864, 873 (9th Cir. 2001) (plaintiff's complaints about his harassment supported the court's conclusions that it was unwelcome).

[62] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 13 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 13 of 17

employment'"[63] so as to constitute a hostile work environment.  The court is to use a "totality of the circumstances test to determine whether a plaintiff's allegations make out a colorable claim of hostile work environment."[64]  The Supreme Court in *Harris v. Forklift Sys., Inc.* lists the following factors to consider in determining whether race-based or gender-based improper conduct may constitute a hostile work environment: its frequency, its severity, whether the conduct is physically threatening, humiliating, or merely an offensive utterance, and whether it unreasonably interferes with the plaintiff's performance at work.[65]  "[T]he required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct[.]"[66]

In *Manatt v. Bank of America, NA*, the Ninth Circuit affirmed the Oregon District Court's grant of summary judgment against Ms. Manatt, an American woman of Chinese descent.[67]  On at least one occasion, Ms. Manatt's coworkers had pulled their eyes back with their fingers in an attempt to imitate or mock the appearance of Asians. On other occasions, coworkers had addressed her as "China woman" while mocking her English pronunciation.  She also overheard racially offensive jokes and references to China and communism.  The Ninth Circuit found the racially offensive conduct that

---

[63] *Faragher*, 524 U.S. at 788.

[64] *Brooks v. City of San Mateo*, 229 F.3d 917, 923-24 (9th Cir. 2000) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

[65] *Harris*, 510 U.S. at 23.

[66] *Manatt*, 339 F.3d at 799 (citing *Brooks*, 229 F.3d at 926.  *See also Nichols*, 256 F.3d at 871 (requiring plaintiff to establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment" and incorporating other prima facie elements of a hostile work environment claim into this category).
[67] 339 F.3d 792.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 14 of 17
Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 14 of 17

had been directed at Ms. Manatt troubling, but determined that—as the conduct was spread out in isolated incidents over a two-and-a-half year span—she could not maintain a hostile work environment claim.[68]  Rather, the court found that "[u]nder our case law, this conduct was neither severe nor pervasive enough to alter the conditions of Manatt's employment."[69]  The court noted that Ms. Manatt might have had an actionable claim if the racially offensive conduct had occurred more frequently.[70]

In *Nichols v. Azteca Restaurant Enterprises, Inc.*, the plaintiff worked for Azteca as a host and a server.[71]  He was repeatedly subjected to verbal abuse on a weekly, and sometimes daily basis, "for acting too feminine."[72]  Other Azteca employees regularly "called him sexually derogatory names, referred to him with the female gender, and taunted him for behaving like a woman."[73]  The court found that the "unrelenting barrage" of abuse that the plaintiff had endured had created an objectively hostile environment, such that it was "sufficiently severe and pervasive" that a reasonable man would have considered to "alter the terms and conditions of his employment."[74]

Applying the factors identified by the Supreme Court to Ms. Lockwood's allegations (frequency; severity; whether the conduct is physically threatening,

---

[68] *Id.* at 799.

[69] *Id.*

[70] *Id.*

[71] *Nichols*, 256 F.3d 864.

[72] *Id.* at 874.

[73] *Id.* at 872.

[74] *Id.* at 872-73.

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 15 of 17

Case 3:11-cv-00032-SLG   Document 20   Filed 05/04/12   Page 15 of 17

humiliating, or merely an offensive utterance; and whether it unreasonably interferes with the plaintiff's performance at work),[75] this court finds that she has not presented facts of race-based or gender-based alleged misconduct sufficient to support this element of a hostile work environment claim.  Most of Mr. Champion's alleged conduct was unrelated to Ms. Lockwood's race or gender, as discussed above, and not actionable on that basis alone.  Mr. Champion's display of the bumper sticker at the post office was not directed specifically at Ms. Lockwood.  And assuming Mr. Champion had placed the bumper sticker on Ms. Lockwood's vehicle, that one act falls far short of the requisite "severe and pervasive" gender-based or race-based conduct necessary to support a hostile work environment claim

For the foregoing reasons, the defendant is entitled to summary judgment on a hostile work environment claim.

### C. Intentional Infliction of Emotional Distress

Ms. Lockwood's Amended Complaint also seeks compensatory damages for "intentional and outrageous conduct inflicted on plaintiff, including the intentional infliction of emotional distress."[76]  Under Alaska law, an action for the intentional infliction of emotional distress lies where: (1) the conduct is extreme and outrageous, (2) the conduct is intentional or reckless, (3) the conduct causes emotional distress, and (4) the distress is severe."[77]  Conduct that gives rise to a claim for intentional infliction of

---

[75] *Faragher*, 524 U.S. at 787-88 (citing *Harris*, 510 U.S. at 23).

[76] Am. Compl. at 5 (Docket 4).

[77] *Maddox v. Hardy*, 187 P.3d 486, 497 (Alaska 2008).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 16 of 17

emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[78]  While certainly it is highly inappropriate to place a bumper sticker on another person's vehicle, and particularly a bumper sticker that one knows is offensive to the vehicle's owner, such conduct cannot be regarded "as atrocious and utterly intolerable in a civilized community" so as to state a cause of action for intentional infliction of emotional distress.  Thus, for much the same reasons that this court has held that Ms. Lockwood's Title VII claims not actionable, she cannot maintain a cause of action for intentional infliction of emotional distress against the defendant in this case.

## *CONCLUSION*

For the foregoing reasons, the defendant's Motion for Summary Judgment is GRANTED.

Dated at Anchorage, Alaska this 4th day of May, 2012.

/s/ Sharon L. Gleason
United States District Judge

---

[78] *State v. Carpenter*, 171 P.3d 41, 59 (Alaska 2007).

3:11-cv-00032-SLG, *Lockwood v. Donahoe*
Order Granting Defendant's Motion for Summary Judgment
Page 17 of 17